IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM LEON<br><br>Petitioner,<br><br><br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Respondent, | **MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br><br><br>Civil Case No. 2:10-cv-733<br><br>Criminal Case No. 2:99-cr-674<br><br>Judge Dee Benson |

Before the court is Respondent's Motion seeking Dismissal of Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 4.)

## BACKGROUND

In February 2001, Petitioner was sentenced to 100 months in prison for armed robbery of a credit union and 10 years for using, carrying, or brandishing a firearm during a crime of violence. (Crim. Case No. 2:99-cr-674, Dkt. No. 196.) At sentencing, Petitioner received an enhancement for obstruction of justice. *Id.* Shortly thereafter, Petitioner appealed his conviction.

In October 2001, while his appeal was pending, Petitioner filed a "Motion to Set Aside Sentencing By a Person in Federal Custody," pursuant to 28 U.S.C.§ 2255, and accompanying "Memorandum in Support." (Civil Case No. 2:01-cv-836B, Dkt. No. 1 & 2.)  In that motion, Petitioner claimed his rights, under the Interstate Agreement on Detainers, were violated. (*Id.*) The matter was referred to a magistrate judge who issued a report and recommendation denying Petitioner's motion finding each of the following: (1) there were no "extraordinary circumstances" for the court to consider the motion while the appeal was pending; (2) Petitioner waived the issue by failing to raise it during the prosecution or on appeal and § 2255 is not a basis for raising the claim; and (3) Petitioner's motion "lacks substantive merit." (*Id*. Dkt. No. 7.) This court adopted the report and recommendation finding the Petitioner's claims to be without merit. (*Id*. Dkt. No. 9.)

The Tenth Circuit affirmed Petitioner's conviction on appeal, but remanded the case for the district court to make additional findings to support a sentence enhancement for obstruction of justice. *United States v. Leon*, No. 01-4042, 47 Fed. Appx. 539 (10th Cir. Sept. 16, 2002) (unpublished).

In March 2003, while the case was on remand, Petitioner filed a *pro se* motion to dismiss based on a violation of the Interstate Agreement on Detainers. (Crim. Case No. 2:99-cr-674, Dkt. No. 245.) In July 2003, this court denied the motion (*Id*., Dkt. 258), and Petitioner appealed. The Tenth Circuit held that the district court lacked jurisdiction on remand to consider Petitioner's motion to dismiss because it "did not reopen for review the underlying convictions." *United States v. Leon*, 94 Fed. Appx. 808 (10th Cir. April 14, 2004) (unpublished).

In July 2010, Petitioner filed a second "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (Civil No 2:10-cv-733DB, Dkt. No. 1.) In this motion, Petitioner contends that (1) the government lacked jurisdiction over the prosecution because the credit union that Petitioner was convicted of robbing was not federally insured; (2) the two-level adjustment for obstruction of justice was unconstitutional; and (3) his "attorney was ineffective in not challenging the jurisdiction of the U.S. District Court to prosecute this case, as opposed to the Utah County Attorney's Office, which refused to issue the warrant." (*Id*. at 5-8.)

## DISCUSSION

**I.      The court does not have jurisdiction over Petitioner's unauthorized and successive § 2255 motion because the motion was untimely filed and because the motion lacks merit.**

A district court does not have jurisdiction to address the merits of a successive § 2255 motion unless such jurisdiction is authorized by the court of appeals. *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). However, when a successive § 2255 motion is filed in a district court without proper authorization, the district court must transfer the motion [pursuant to 28 U.S.C. § 1631] to the court of appeals if "it is in the interest of justice to do so." *Id.* at 1252. If the district court determines that transferral is not in the interest of justice, it may dismiss the unauthorized motion for lack of jurisdiction. *Id.* In determining whether a transfer is in the interest of justice, the court should evaluate the following:

> 1) whether the claims would be time barred if filed anew in the proper forum; 2) whether the claims alleged are likely to have merit; and 3) whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id* at 1251.

In this case, Petitioner did not receive authorization to file his successive § 2255 motion from the Tenth Circuit Court of Appeals. Therefore, the only remaining relevant inquiry for the court concerns whether a § 1631 transfer is in the interest of justice. After considering the three factors set forth in *Cline,* this court finds that a § 1631 transfer is not in the interest of justice because A) Petitioner's motion was untimely filed thereby divesting this court of the requisite jurisdiction at the time of filing and B) Petitioner's motion lacks merit.

### A. Petitioner's motion was untimely filed because it failed to conform with the one year requirement set forth in 28 U.S.C. § 2255(f).

Petitioner's motion is governed by the Antiterrorism and Effective Death Penalty Act, which establishes a one-year limitations period for federal prisoners seeking habeas relief. *See* 28 U.S.C. § 2255(f); *United States v. Burch*, 202 F.3d 1274, 1275 (10th Cir. 2000) ("Congress has established a one-year period of limitations for habeas petitions."). The precise language of the statute provides that the one-year limitations period shall run from the latest of–

>    (1) the date on which the judgment of conviction becomes final;

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed . . . ;

>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's motion is untimely under each subsection.

Petitioner's motion is untimely under subsection (1) because Petitioner's conviction was

final, at the latest, ninety days after the Tenth Circuit's April 14, 2004, dismissal or July 13, 2005. A criminal conviction is final when the United States Supreme Court affirms it on direct review or denies *certiorari*. *Clay v. United States*, 537 U.S. 522, 527 (2003). If a *certiorari* petition is not filed, a criminal conviction is final at the time for filing a petition for *certiorari* expires, which is ninety days after entry of the court of appeals' judgment. *Id.*

Petitioner's latest possible chance at having his conviction overturned was July 13, 2005 because Petitioner never filed a *writ of certiorari* seeking review of the April 14, 2004, decision. Indeed, Petitioner filed his motion in July 2010, five years after Petitioner's conviction was final and four years after the expiration of the one-year statute of limitations. Therefore, Petitioner failed to timely file under subsection (1).

The court agrees with the Respondent's assertion that subsections (2) and (3) are not applicable in this matter. *See* Respondent's Motion to Dismiss for Lack of Jurisdiction, Dkt. No. 3 at 7.

Petitioner's motion is untimely under subsection (4) because all of the facts supporting Petitioner's claims should have been discovered, at the very latest, by July 13, 2005, and probably should have been discovered by the end of 2001. Indeed, the only major relevant fact put forth by the Petitioner in his motion concerns whether the insurance of the credit union that Petitioner robbed was federal or private. *(See* Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Dkt. No. 1 at 4.) The Petitioner, however, stipulated to this fact at his 2001 trial and should have discovered its truthfulness by 2005 when his conviction was final. (Crim. Case No. 2:99-cr-674, Dkt. No. 159.) Moreover, the only reason offered by Petitioner for failing

to exercise the due diligence required by §2255(f)(4) is that he was ignorant of the law. (*See* Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Dkt. No. 1 at 4.) However, as the Tenth Circuit pointed out in *March v. Soares,* ignorance of the law does not excuse an untimely § 2255 motion. 223, F.3d 1217, 1220 (10th Circuit 2000).

Therefore, because Petitioner failed to comply with the provisions of 28 U.S.C. § 2255(f), it was clear at the time Petitioner filed his second motion that the court lacked jurisdiction.

**B. Petitioner's claims lack merit.**

28 U.S.C. § 2255(h) mandates that a Court of Appeals authorize a successive §2255 motion if it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In this case, the claims raised by Petitioner in his motions do not implicate either §2255(h)(1) or (2). Petitioner does not rely on newly discovered evidence or a new rule of constitutional law.

In ground one of his motion, Petitioner claims that the credit union he robbed was not federally insured. Petitioner, however, fails to put forth any evidence. In fact, at trial, Petitioner stipulated to the fact that the credit union was federally insured. (Crim. Case No. 2:99-cr-674,

Dkt. No. 159.)

In ground two, Petitioner claims that the two-level adjustment for obstruction of justice was unconstitutional because the "specific elements of perjury" were not proven. This claim also does not rely on newly discovered evidence and is a mischaracterization of the record. Petitioner was not prosecuted for perjury, but rather received a two-level adjustment for obstruction of justice under the Sentencing Guidelines based on his perjured testimony at trial. After the conviction, the Tenth Circuit remanded the case back to the district court requiring it to make further findings concerning Petitioner's perjured testimony at trial under *United States v. Dunnigan*. 507 F.3d 87, 96-97 (1993) and other precedent. (Vol. I, Doc. 237 at 13-15.) This court held a hearing in 2003 and made the requisite findings. Thus, Petitioner is not relying on any new evidence and is not asserting a meritorious claim.

In ground three, Petitioner argues that the "facts and legal basis" for his claim of ineffective assistance of counsel were not available at the time of his conviction, sentencing, and direct appeal. (*See* Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Dkt. No. 1 at 7.) However, there is no newly discovered evidence that suggests that Peitioner's counsel's representation fell below an objective standard of reasonableness to the extent that it would constitute "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense". *See* Strickland v. Washington, 466 U.S. 668, 688 (1984); U.S.C. 28 § 2255(h).

Based on the foregoing, it is clear the Petitioner's successive §2255 motion is without

merit.

**<u>CONCLUSION</u>**

After carefully considering the three factors set forth in *Cline,* this court finds that a §

1631 transfer is not in the interest of justice because Petitioner's unauthorized, successive § 2255

motion was untimely filed and without merit. Accordingly, Respondent's Motion to Dismiss for

lack of Jurisdiction is **GRANTED**.

**It is so ordered.**

DATED this 20th day of December, 2010.

_____

Dee Benson

United States District Court Judge